**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

APPROXIMATELY $39,600.00 IN UNITED STATES CURRENCY,

Defendant.
_______________________________/

1:11cv1104 LJO DLB

FINDINGS AND RECOMMENDATIONS REGARDING APPLICATION FOR DEFAULT JUDGMENT

(Document 15)

On March 8, 2012, Plaintiff United States of America ("United States") filed an application for default judgment and final judgment of forfeiture. The matter was heard on April 13, 2012. Heather Mardel Jones appeared on behalf of the United States. Claimants Stephan Leon and Talia Zarate did not appear or otherwise contact the Court.

In this civil forfeiture action, the United States seeks:

1. Default judgment against the interests of Stephan Leon and Talia Zarate in approximately $39,600.00 in United States currency ("Defendant Currency"); and

2. Entry of final judgment of forfeiture that vests in the United States all right, title and interests in the Defendant Currency.

## FACTUAL BACKGROUND

***Seizure of Defendant Property***

According to the July 5, 2011, Verified Complaint for Forfeiture *In Rem*, Stephan Leon, his girlfriend Talia Zarate, their two minor children (approximately 18 months old and 2 weeks old) and their minor 13 year old child were the primary residents of 1127 Elite Court in Bakersfield, California, in December 2010. Verified Complaint, ¶ 18.

In October 2010, Kern County law enforcement began surveillance of Juan Beltran, Armondo Barazza and Theordore Richards, targets of a criminal investigation for the sale of narcotics in the Kern County Area. Verified Complaint, ¶¶ 5-10. Officers intercepted information which led them to believe that a cocaine transaction would be occurring between Beltran and Richards on November 12, 2010. Verified Complaint, ¶ 14. On November 12, 2010, surveillance officers observed the vehicles of Richards and Beltran arrive at 1127 Elite Court and depart about 45 minutes later. Verified Complaint, ¶¶ 14-15. Officers intercepted a phone call between Beltran and Barazza a few minutes later. During the call, Barazza asked Beltran if he had the money. Beltran confirmed that he had just conducted the transaction with Richards. Verified Complaint, ¶ 15.

On December 7, 2010, at approximately 11:43 a.m., detectives from the Bakersfield Police Department and agents with the Bakersfield Drug Enforcement Administration executed a search warrant at 1127 Elite Court. Verified Complaint, ¶ 16. Stephan Leon was in a vehicle with other individuals as it backed out of the driveway and Talia Zarate was inside the residence. Verified Complaint, ¶ 17. During the search of the residence, officers located the Defendant Currency, shrink wrapped in several layers of plastic wrap, hidden within a laundry basket of clothes located in a bedroom belonging to the 13 year old minor child. Verified Complaint, ¶ 19.

In a subsequent interview with officers, Leon gave conflicting accounts regarding his yearly salary. He eventually stated that he worked for Golden West Drilling and that his salary was approximately $60,000.00 to $70,000.00 per year. Leon told agents that the Defendant Currency belonged to him and that he wanted to initiate a claim for it. Upon questioning, Leon was vague concerning the origins of the Defendant Currency. A search of Leon’s vehicle revealed tax returns

indicating that his reported income was $52,652.00 for 2008 and $52,211.00 for 2009. Verified Complaint, ¶ 20.

During Zarate's interview with law enforcement, she stated that the Defendant Currency was not hers and that she did not know where it came from. Verified Complaint, ¶ 21.

Based on income tax records and statements provided, Leon would be unable to possess large amounts of currency without an additional source of unknown income. Verified Complaint, ¶ 24.

No current federal or state criminal case has been filed against Leon or Zarate. In January 2011, Barraza pled nolo contendere in Kern County Superior Court to possession of methamphetamine for sale and was sentenced to 16 months in state prison. Richards is currently in federal custody in the Northern District of Illinois after having been found to be in possession of 10 kilograms of cocaine after a November 21, 2010, traffic stop. Verified Complaint, ¶ 25.

***The United States' Claims***

The United States filed its Verified Complaint for Forfeiture *In Rem* on July 25, 2011, alleging that the Defendant Currency constitutes a thing of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, and proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.* As a result, the United States alleges that the Defendant Currency is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

Based on the allegations in the Verified Complaint, the Clerk of Court issued a warrant for the arrest of the Defendant Currency on July 22, 2011. The warrant was executed on July 27, 2011.

***Notice of Forfeiture Action***

On July 8, 2010, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.org for 30 consecutive days. On November 11, 2011, the United States filed its Declaration of Publication indicating that notice was posted on the website for at least 30 consecutive days, beginning on September 24, 2011.

Stephan Leon

In addition to notice by publication, the United States served Stephan Leon by first class mail and certified mail on or about July 22, 2011, with copies of the complaint, arrest warrant, publication

order and other papers related to this action. On or about July 26, 2011, the United States Attorney's Office received the signed certified mail receipt.

On or about August 2, 2011, the documents were served on Stephan Leon.

On or about July 22, 2011, copies of the documents were sent by first class mail and certified mail to the Law Office of Sara Azari, the attorney who filed a claim on behalf of Stephan Leon in the administrative forfeiture action. On or about August 1, 2011, the United States Attorney's Office received the signed certified mail receipt. Declaration of Autumn Magee in Support of Request to Clerk for Entry of Default, ¶¶ 5-7.

Talia Zarate

The United States served Talia Zarate by first class mail and certified mail on or about July 22, 2011, with copies of the complaint, arrest warrant, publication order and other papers related to this action. On or about July 24, 2011, the United States Attorney's Office received the signed certified mail receipt.

On or about August 2, 2011, the documents were personally served on Talia Zarate. Declaration of Autumn Magee in Support of Request to Clerk for Entry of Default, ¶¶ 8-9.

There have been no claims filed by either Stephan Leon or Talia Zarate.

***Default Entries***

At the request of the United States, the Clerk of Court entered default against Stephan Leon and Talia Zarate on October 27, 2011.

## ANALYSIS AND DISCUSSION

A. Sufficiency of the Complaint

The United States contends that the allegations set forth in the Verified Complaint for Forfeiture *In Rem* and the facts cited "provide ample grounds" for forfeiture of the Defendant Currency. Application for Default Judgment, at 8.

A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment. Eitel v. McCool, 782 F.2d 1470, 1471–1472 (9th Cir.1986). Title 21 of the United States Code section 881(a)(6) provides for the forfeiture of moneys or others things of value that are furnished or intended to be furnished by any person in exchange for a controlled substance, that

constitutes proceeds traceable to such an exchange, or that is used or intended to be used to facilitate any violation of the laws governing controlled substances.

In its Verified Complaint, the Government alleges that the Defendant Currency constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more of the laws governing controlled substances, and is therefore subject to forfeiture. As referenced above and set forth in the Verified Complaint, subsequent to the narcotics transaction taking place at Leon's residence located at 1127 Elite Court, officers searched the residence and located and seized the Defendant Currency. The Defendant Currency was shrink wrapped in several layers of plastic wrap and hidden within a laundry basket of clothes located in a bedroom in the residence. Moreover, Stephan Leon gave conflicting accounts regarding his yearly salary and was vague concerning the origins of the Defendant Currency. He would be unable to possess large amounts of currency without an additional unknown source of income, i.e., drug proceeds.

The complaint meets the requirements of Supplemental Rule G. It is verified, states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the property seized and the circumstances surrounding the seizure, and identifies the relevant statutes. In the absence of assertion of interests in the Defendant Currency, this Court is not in a position to question the facts supporting the forfeiture of the currency. The facts as alleged provide a sufficient connection between the Defendant Currency and illegal drug activity to support the forfeiture. Case law confirms the United States' position that circumstantial evidence may support the forfeiture of proceeds of a drug crime and it need not show a relationship between the proceeds and a specific drug transaction. See United States v. $30,670.00, 403 F.3d 448, 467–470 (7th Cir.2005) (totality of circumstances demonstrated that cash hoard of airline passenger was substantially connected to illegal drug trafficking and properly subject to forfeiture); United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir.2004) (court applied totality of circumstances to determine "more than enough cause" to believe that forty pounds of cash carried by airline passenger and alerted to by narcotics-detecting dog was the proceeds of, or traceable to, illegal drug transaction).

As the United States contends, there are sufficient facts to support the forfeiture of the Defendant Currency.

B. Notice Requirements

The Fifth Amendment's Due Process Clause prohibits the United States from deprivation of property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." United States v. James Daniel Good Real Property, 510 U.S. 43, 48 (1993).

Pursuant to Local Rule 500(d) of the Local Rules of the Eastern District of California, Supplemental Rule G governs civil forfeiture actions. Rule G requires notice to be effectuated in two ways: (1) by publication; and (2) when there are known potential claimants, then also by direct notice.

*Notice by Publication*

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Rule G(4) (a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official internet government forfeiture site for at least 30 consecutive days ." Local Admiralty and *In Rem* rules further provide that the Court shall designate by order the appropriate newspaper or other vehicle for publication. See Local Rules 171, 530.

Here, pursuant to this Court's July 8, 2011, Order, the United States accomplished such notice with publication by way of the official internet government forfeiture site www.forfeiture.gov for a period of at least thirty (30) days.

*Personal Service*

When the United States knows of an owner of defendant property, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]." United States v. Real Property, 135 F.3d 1312, 1315 (9th Cir.1998). For such persons, the United States must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the cash forfeiture[.]" Dusenberry v. United States, 534 U.S. 161, 168 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might

reasonably adopt to accomplish it." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." Mesa Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir.2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule 540(a).

Notwithstanding the Supplemental Rules and Local Rule 540(a), the United States provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4 requirements. See Fed.R.Civ.P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the United States personally served Stephan Leon and Talia Zarate. The United States also served the attorney who represented Leon in the administrative forfeiture action. No notice issues are present.

C. Failure to File Claim or Answer

Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right against the subject property to file a claim in this court within 35 days after the date of service of the Government's complaint or 30 days after final publication of newspaper notice. Supplemental Rules G(4)(b) & G(5). Failure to comply with

procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action. United States v. Real Property, 135 F.3d at 1317.

As outlined above, more than 30 days have passed since the completion of publication, and more than 35 days have passed since the dates that each of the known potential claimants were provided direct notice of this Complaint. Accordingly, the Clerk properly entered default against Stephan Leon and Talia Zarate.

D. Default Judgment

The United States seeks default judgment against the interests of Stephan Leon and Talia Zarate in the Defendant Currency, as well as a final forfeiture judgment forfeiting all right, title and interest in the Defendant Currency to the United States.

The Supplemental Rules do not provide a procedure to seek default judgment in an action in rem. Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. Rule 55(a) of the Federal Rules of Civil Procedure governs entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–918 (9th Cir.1987) (internal citations & quotation marks omitted).

As noted above, the United States properly obtained entries of default against the interests of Stephan Leon and Talia Zarate. There is no impediment to default judgment sought by the United States. The United States properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the United States all right, title and interest in the Defendant Currency. "A judgment in rem affects the interests of all persons in designated property.... [T]he

plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." Hanson v. Denckla, 357 U.S. 235, 246, n. 12 (1958).

In light of the defaults, the United States is entitled to a final judgment of forfeiture.

**RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT Plaintiff United States of America default judgment against the interests of Stephan Leon and Talia Zarate in the Defendant Currency;
2. ENTER final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Currency; and
3. ORDER Plaintiff United States of America, within ten (10) days of service of an order adopting the Findings and Recommendations, to submit a proposed default and final forfeiture judgment consistent with the Findings and Recommendations and Order adopting them.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these Findings and Recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

**Dated: April 16, 2012** **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE